Ruffin, C. J.
 

 The conveyance of the father to his son'’ was voluntary and made when the donor wasjnsolvent or on-the brink of insolvency, and was clearly void as to debts existing at the time. It has been so found by the jury. Therefore, as respects the present plaintiff the slaves are still regard-ed as the goods of the deceased debtor. There is no doubt-that a fraudulent donee is liable, as executor of his own-wrong.
 
 Edwards
 
 v. Haskin, 2 T. R. 587. But it is said, that, although that be true, yet one who takes possession as-
 
 *446
 
 the agent of the fraudulent donee, does not become executor’,’ as ^as a color for his possession, which gives a char-’ acter to it, and shows that he did not intend to administer the goods, or in any manner to treat them as the effects of the deceased which is said upon the authority of
 
 Turner
 
 v.
 
 Child,
 
 1 Dev. 25. That case, in which the doctrine held by the majority of the court seems to us to be carried to the utmost extreme, does not we think apply to the present. There, every thing was assumed to be
 
 bona fide,
 
 and that the agent continued to act under a sense of duty, and without being aware that the authority, which he derived from his principal, ceased at his death. His acts had a lawful beginning, and that was sufficient to excuse him, as the court thought. But the contrary is the cáse here. The origin and continuance of the defendant’s possession are tainted with fraud, and without colour of authority from any one. If indeed, the fraudulent donee disposes of the goods to another, who accepts them
 
 bona fide
 
 upon a purchase, or even to keep for the do-nee, the vendee or bailee would not be executor
 
 de son tort.
 
 Com. Dig.
 
 Administrator,
 
 C. But that is because there is apparently no wrong in any one in that transaction, and the posessor has no reason to consider the goods as being of the estate of the deceased. In this case, however, it is begging the question, to call the defendant the agent of the donee. He is not his agent. He was never constituted his agent by any act of the donee, who had no capacity for that purpose. The defendant is in no way the agent, except so far as he made himself so. His authority was not conferred on hito, but was officiously assumed by him, and but pretended. Therefore, he cannot protect himself under the allegation, that he derived the goods under a person, who claimed title to them, and being in possession, assumed to dispose of them. On the confrary, the donee here was incapable of assenting to the gift, did not take possession, and could not take it, and was of such tender years that he could not be executor, nor be sued as such. If then, the defendant be not liable in this action, no one would be; which is another reason, why the case is
 
 *447
 
 not within the rule, that a bailee of an executor of his own wrong does not also become such executor: since in such case, there is a person liable to the creditors. But here there is none, unless the defendant be. For, if the grand-child were of age to assent to the deed and even to fill the office of executor, he could not be sued by the creditor ; as it is not the paper title merely that makes one an executor of his own wrong, but it is the disposition, or possession and occupation of the effects that do it. Here the infant sets up no title and has no possession ; but the defendant takes it on himself to set up a title on behalf of the infant, to take possession and to defend it for him, although the infant, if a donee at all, is a fraudulent donee. Such unasked interference must be at the defendant’s risk; for he had no right or duty to take charge of these negroes, as the property of his grandson, unless they should turn out to be the grandson’s. His possession renders him liable to the deceased’s creditors, as executor
 
 de son
 
 tort, in the same manner as it would enable the true owner of the slaves, if a third person, to maintain detinue for them. If this were not so, every insolvent might, by collusion with his near reb atives, defeat his creditors by conveyances to his infant children.
 

 Per Curiam, Judgment affirmed.